**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

1. **TROY ADAMS**
2. **SEAN AHERN**
3. **PATRICK ANDREWS**
4. **ANTHONY AVITABLE**
5. **ROBERT BALKUN**
6. **JASON BALLETTO**
7. **GERARD BELLAMY**
8. **JUSTIN BIALECKI**
9. **ERIKA K. BOGAN**
10. **JAMES F. BOHAN**
11. **GREGORY E. BOIUIN**
12. **TIMOTHY BORER**
13. **HARRY BOSLEY**
14. **JEFFREY BRABHAM**
15. **CHRISTOPHER BRIGHAM**
16. **MALCOLM BROOKS**
17. **LEON D. BROWN**
18. **LEON BROWN II**
19. **GEORGE BROWNE**
20. **TERRANCE BURROUGHS**
21. **WILLIAM BUSCA**
22. **SALVATORE F. CAMERA**

**CIVIL ACTION COMPLAINT**

**Complaint No. __________________**

**Jury Trial Demand**

23. **VINCENT J. CANISO JR.** )
24. **GARY CARBONE** )
25. **GREGORY W CARROLL** )
26. **ROBERT CELENTANO** )
27. **RICHARD CHADDERTON JR.** )
28. **MICHAEL CHRISTOFORO** )
29. **MICHAEL CIABURRO** )
30. **ROBERT CIOCIOLA** )
31. **GARY W. COLE** )
32. **THOMAS CONNORS** )
33. **JOSEPH R CONTE** )
34. **JOHNNIE COOPER** )
35. **THOMAS CORRONE** )
36. **DANIEL COUGHLIN** )
37. **JOHN CRETELLA JR.** )
38. **ROBERT CRISCO** )
39. **TYRONE DALUZ** )
40. **GENNARO D'AMATO** )
41. **KYLE DANIELS** )
42. **OCTAVIUS DAWSON** )
43. **MARCOS E. DE MELO** )
44. **DANIEL DEL PRETE** )
45. **GINO DELBUIDICE** )

46. JOHN DELFINO )
47. MICHAEL DEMENNATO )
48. SCOTT DILLON )
49. CARL G. DINELLO III )
50. RYAN DIVITO )
51. CHARLES DONARUMA )
52. STEVEN DURAND )
53. MICHAEL FARRELL )
54. SALVATORE FERNANDEZ )
55. SCOTT FERRIE )
56. JAMES F. FITZGERALD )
57. THOMAS C. FITZGERALD )
58. CHRISTOPHER FORSLAND )
59. JENNIFER FORSLAND )
60. TROY Z. FROST )
61. PALMER L. GAINES )
62. BRUCE GALASKI )
63. JOSEPH GAMBRELL )
64. MICHAEL GARDIN )
65. PHILLIP C. GAUVIN JR. )
66. ERIC GEORGE )
67. RAUL A. GINEBRA )
68. KENNETH R. GOODALE JR. )

**69. EZRA W. GOODWIN JR.** )
**70. WILLIAM GOULD** )
**71. PATRICK GRANT** )
**72. RICHARD GREENE** )
**73. JOSEPH GUARINO** )
**74. MICHAEL GUERCIA** )
**75. RYAN HAIGH** )
**76. VINCENT HALL** )
**77. ARMANDO HERNANDEZ** )
**78. JOSEPH HILBERT** )
**79. JOHN HILLO** )
**80. KELLY HUDSON** )
**81. KENNETH HUISE** )
**82. ERNEST M. JONES JR.** )
**83. BRIAN E. JOOSS** )
**84. JAMES F. KEARNEY** )
**85. JAMES J. KELLY** )
**86. TIMOTHY KIELEY** )
**87. PATRICK M. KING** )
**88. JAMES KOTTAGE** )
**89. CHARLES W. KRANYAK** )
**90. MICHAEL LABONIA** )
**91. CAROLE A. LACROIX** )

**92. SHEMICA LLOYD** )
**93. LINWOOD LOCKETT** )
**94. SEAN LOCKWOOD** )
**95. FREDDY LOPEZ** )
**96. SCOTT LOWGYEAR** )
**97. ROBERTO LUGO JR.** )
**98. KARL H. LUSCHENAT** )
**99. RICHARD LYNCH** )
**100. STEPHEN MALDONADO** )
**101. DOUGLAS McBRIERTY** )
**102. JUSTIN McCARTHY** )
**103. BERNARD McNEIL** )
**104. DERRICK MEADE** )
**105. MICHAEL MILLER** )
**106. ISAIAS MIRANDA** )
**107. REGINALD MORTON** )
**108. RONALD A. NARDINI** )
**109. MARK NATALE** )
**110. THOMAS NEVILLE** )
**111. KENNETH NOLAN** )
**112. CESAR OJEDA** )
**113. LOUIS OLIWA** )
**114. LUIS S. ORTETON** )

**115. JOSE L. OSONRIO** )
**116. KEVIN OWENS** )
**117. WILFREDO PABON** )
**118. JULIO PADILLA III** )
**119. CHRISTOPHER PARKER** )
**120. TODD PARKER** )
**121. SEAN PATTON** )
**122. IVAN PEREZ** )
**123. WILLIAM PEREZ** )
**124. MICHAEL PILATO** )
**125. MICHAEL POZIKA** )
**126. EDMOND J. PRUNIER JR.** )
**127. PATRICK PSARRAS** )
**128. GLENN S. PULLEN** )
**129. THOMAS V. QUINN** )
**130. ANTONIO E. RAMOS** )
**131. JON REDMOND** )
**132. ANTHONY REESE** )
**133. KENDALL A. RICHARDSON** )
**134. WAYNE RICKS JR.** )
**135. RICHARD RIFE** )
**136. ERIC RIGGOTT** )
**137. EDWARD RIORDAN** )

138. JASON A. RIVERA )
139. SILVERIO RIVERA )
140. MIGUEL D. ROSADO )
141. MIGUEL A. ROSADO )
142. ELIEZER ROSARIO JR. )
143. CHRISTOPHER RYAN )
144. SHAKIRA SAMUEL )
145. PAUL SANDELLA )
146. JOHN SHEPA )
147. AARON SPANN )
148. CHRIS SPENCER )
149. JOE SULLO )
150. ROBERT TAMMARO )
151. BRIAN K. TEXEIRA )
152. GARY TINNEY )
153. CURTIS TOLSON JR. )
154. LEVERETT J. TORGERSON )
155. HECTOR TORRES )
156. DAVID TORTORA )
157. JEROME M. TURNER )
158. DAVID VARGAS )
159. JOHNNY VEGA )
160. JOSUE VEGA )

| | |
|---|---|
| **161. MARK VENDETTO** | ) |
| **162. DOMINIC VUOLO III** | ) |
| **163. HERSCHEL P. WADLEY JR.** | ) |
| **164. KYLE WALKER** | ) |
| **165. DOUGLAS A. WARDLAW** | ) |
| **166. WILLIAM WARGU** | ) |
| **167. JAMES WATKINS** | ) |
| **168. ANTHONY M. WELLS** | ) |
| **169. JERAMIE WHITE** | ) |
| **170. JOHN WINKINS** | ) |
| **171. LEONARD J. WISHART JR.** | ) |
| **172. AURELIOUS WOOLFOLK JR.** | ) |
| **173. ROBERT A. YATES** | ) |
| **174. CHRIS ZYSKOWSKI** | ) |
| **Plaintiffs,** | ) |
| **v.** | ) |
| **CITY OF NEW HAVEN, CONNECTICUT** | ) |
| **Defendant.** | ) |

**PRELIMINARY STATEMENT**

1. The plaintiffs are current and former employees of the defendant City of New Haven, Connecticut ("City"), and they bring this action on behalf of themselves and other employees similarly situated. This is an action for a declaratory judgment under 28 U.S.C. §§

2201 and 2202 and for compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon this Court by 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue of this action is established in this Court pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiffs are each employees, or former employees, of the defendant City at the New Haven Fire Department ("Department").

5. Pursuant to 29 U.S.C. §§ 216(b) and 256, the named plaintiffs herein have each executed and hereby filed with the Court their respective consents in writing to become a party plaintiff in this action, which are appended hereto as Exhibit A. Should other individuals similarly situated seek to join this action, their consents will be filed with the Court. These written consent forms set forth each plaintiff's name and intent to be party to this suit.

6. The defendant in this action is the City of New Haven, Connecticut, which has a principal place of business within the City of New Haven.

## FACTS

7. The plaintiffs are each employees, or former employees, who were at all times material herein employed in an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. § 203(s). More specifically, each plaintiff is, or was, employed by the City at the Department.

8. Each of the plaintiffs in this action, while employed by defendant, has been an "employee" within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(e)(1).

9. The defendant City, is an "employer" as defined by 29 U.S.C. § 203(d) and a "public agency" within 29 U.S.C. § 203(x). Upon information and belief, the defendant at all relevant times has been aware of the provisions of the FLSA.

10. The defendant is an enterprise, as defined by 29 U.S.C. § 203(r).

11. The City has adopted a 28-day FLSA work period requiring the members of the Department to work 212 hours in a work period before the City pays them overtime under the FLSA.

12. Within the last three years, and continuing to date, while working as members of the Department, plaintiffs are assigned to work three 10-hour shifts, followed by three days and nights off, followed by three 14-hour shifts, followed again by three days and nights off. This schedule is then repeated. In addition to this schedule, plaintiffs routinely work additional hours causing them to work in excess of 212 hours in a work period. For example, in the work period covering February 11, 2015 through March 10, 2015, plaintiff David Tortora worked a total of 298 hours causing him to have worked 86 hours above the applicable FLSA threshold.

13. Plaintiffs receive wages set by position within the Department to compensate them for all regularly scheduled hours worked. An hourly rate is then established by dividing the applicable salary by the regularly scheduled hours worked in one year.

14. Plaintiffs are also compensated at their established hourly rate for all additional hours they work beyond those that are regularly scheduled.

15. In addition to plaintiffs' compensation for both regularly scheduled and additional hours of work, the City provides Department employees with additional compensation including, but not limited to, certification pay, education incentive pay, acting pay, haz-mat pay, and longevity pay.

16. At all times material herein, the City has failed to incorporate these additional payments when calculating plaintiffs' regular rate of FLSA overtime compensation. For example, in his March 20, 2015 check, plaintiff David Tortora was compensated at a rate equal to exactly one-half of his established hourly rate for the 86 hours above the FLSA overtime threshold that he worked in the work period covering February 11, 2015 through March 10, 2015 despite having earned 42 hours of haz-mat pay during the pay period from February 15, 2015 to February 21, 2015.

17. On information and belief, the failure by defendant to properly pay compensation owed to each plaintiff is a knowing, willful and reckless violation of 29 U.S.C. § 207 within the meaning of 29 U.S.C. § 255(a).

**DEFENDANT HAS VIOLATED 29 U.S.C. § 207 BY FAILING TO ACCURATELY CALCULATE PLAINTIFFS' REGULAR RATE FOR OVERTIME COMPENSATION**

18. Plaintiffs hereby incorporate by reference paragraphs one (1) through seventeen (17) in their entirety and restate them herein.

19. At all times material herein, the plaintiffs have been entitled to the rights, protections and benefits provided under the FLSA, as amended, 29 U.S.C. § 201, *et seq.*

20. During the times where the plaintiffs have worked hours in excess of the hourly levels specified in the FLSA, plaintiffs have been entitled to overtime compensation at a rate of not less than one and one-half times their regular rate of pay for the hours of overtime they have

worked in excess of 212 hours in a 28-day FLSA work period. 29 U.S.C. § 207(k); 29 C.F.R. § 553.230.

21. Plaintiffs' "regular rate" of pay must include "all remuneration for employment." 29 U.S.C. § 207(e).

22. At all times material herein, the defendant has failed and refused to provide plaintiffs with overtime compensation at a rate of one and one-half times their regular rate of pay by failing to include all remuneration in plaintiffs' regular rate of pay, including, but not limited to, certification pay, education incentive pay, acting pay, haz-mat pay, and longevity pay.

23. Defendant's refusal to provide overtime pay at the proper rate to plaintiffs for the hours plaintiffs have worked in excess of the hourly levels specified in the FLSA, 29 U.S.C. § 207; 29 C.F.R. § 553.230, wrongly deprives plaintiffs of the FLSA overtime compensation that is due to them at times material herein.

24. The defendant's actions and omissions as alleged herein were done in a willful, unreasonable and bad faith manner.

25. As a result of the aforesaid willful violations of the FLSA, overtime compensation has been unlawfully withheld by defendant from plaintiffs for which defendant is liable pursuant to 29 U.S.C. §§ 216(b) and 255, together with an additional equal amount as liquidated damages, interest, reasonable attorneys' fees and the costs of this action.

26. The employment and work records for plaintiffs (including time and attendance records) are in the exclusive possession, custody, and control of the defendant, and the plaintiffs are unable to state at this time the exact amounts owing to each of them. The defendant is under duty imposed by the FLSA, 29 U.S.C. § 211(c), and the regulations of the United States Department of Labor, to maintain and preserve payroll and other employment records with

respect to the plaintiffs and other employees similarly situated from which the amount of defendant's liability can be ascertained.

**PRAYER FOR RELIEF**

WHEREFORE, each plaintiff requests from the Court the following relief:

A. A declaratory judgment declaring that the defendant has willfully, unreasonably, wrongfully, and without good faith, violated its statutory and legal obligations, and deprived each plaintiff of his/her rights, protections and entitlements under federal law, as alleged herein;

B. An order for a complete and accurate accounting of all the compensation to which each plaintiff is entitled;

C. Judgment against the defendant awarding each plaintiff monetary damages in the form of back pay compensation, liquidated damages equal to his/her unpaid compensation, plus pre-judgment and post-judgment interest;

D. An award of reasonable attorneys' fees, as well as costs and disbursement of this action; and

E. An award granting such other further relief as the Court deems proper.

**JURY TRIAL DEMANDED**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs hereby respectfully request a trial by jury on all claims presented in this Complaint.

Respectfully submitted,

/s/ Megan K. Mechak
Megan K. Mechak
Michael R. Willats
WOODLEY & McGILLIVARY LLP
1101 Vermont Ave, NW
Suite 1000
Washington, D.C. 20005
Phone: (202) 833-8855
Fax: (202) 452-1090
mkm@wmlaborlaw.com
mrw@wmlaborlaw.com

/s/ Eric W. Chester
Eric Chester
Ferguson, Doyle, & Chester P.C.
Bar No. ct27172
35 Marshall Road
Rocky Hill, CT 06067
Phone: (860) 529-4762
Fax: (860) 529-0339
ericchester@fdclawoffice.com

*Counsel for Plaintiffs*